UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAIN C. HOF,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendant. | 1:16-cv-01169 LJO-MJS (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO EXTEND TIME TO COMPLETE DISCOVERY**<br><br>(ECF No. 22)<br><br>**FOURTEEN (14) DAY DEADLINE** |

    Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On December 18, 2017, Plaintiff filed a motion (ECF No. 22) to extend time to complete discovery beyond the December 20, 2017 deadline set by the Court (ECF No. 19.)

    Plaintiff's claims that he was unable to complete discovery because of surgery on his ankle. (ECF No. 22.) He does not state when he had surgery or explain why it prevented him from completing discovery in the eight month discovery period preceding December 20, 2017.

    Districts courts must enter scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P.

1

16(b)(3)(A). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Id. (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

Id. at 608 (internal citations omitted).

Here, Plaintiff has not explained what discovery he hopes to obtain or why he was unable to obtain that discovery through the exercise of diligence during the discovery period.

Accordingly, Plaintiff's motion is DENIED, without prejudice to him bringing a

renewed motion within fourteen days of the date of this order. If Plaintiff chooses to bring such a motion, must explain what discovery he seeks and provide good cause as to why he was unable to timely complete it. See Fed. R. Civ. P. 16(b)(4); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (noting that good cause is broadly construed).

IT IS SO ORDERED.

Dated: February 6, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE